The next case on the calendar is McKeon v. Johnson. May it please the court, Harvey Spiz appearing for the appellant Gregory McKeon. The, probably the main reason that this court respectfully should reverse the district court's order and judgment in this case is I would submit found in the court's discussion in convoluted. Of course, a convoluted argument does not preclude the argument being a cogent and correct argument. Well, what exactly is the argument here? Is it that a preference for internal candidates is inherently biased against men? Well, the argument in this case is that by ignoring the external list where there was an open competition from both the outside and the inside, both external candidates and we did not find this out until discovery. Well, that's because what your original claim was, was a completely different sex bias claim, which turns out not to pan out. So now we're at this. And so I'm still asking you, are you saying that the decision by Mr. Scott, is that his name, to only look at the internal candidates inherently discriminates against men because it takes out of play a preference for veterans? It has a disparate impact upon men because, and it is an obvious fact as found in the United States Supreme Court case of Feeney that certainly judicial notice could have been taken that males, at least in 2010, certainly predominate in veterans ranks. And yes. But do we have any record as to how many men or how many veterans there are among internal employees of TSA? That made no difference in this case. First of all, the question would be if in the disparate treatment, whether or not there were more just for treatment, more greater on the list, more veterans on the external list than on the internal list. That's not the point of our case. The point of our case that as a general rule, because veterans predominate, males predominate among veterans as found in the United States Supreme Court case of Feeney. I got that. But tell me why. So if Congress revoked the veterans preference, would that be unconstitutional because it was discriminatory against men? No, Your Honor, it would not be. Right now, there is a preference and there was apparently a governmental interest to make that preference. The fact that they were to revoke that preference, I don't believe, you know, that's not before the court in this case. But I, you know, to answer your question, I don't think it would be. But there's not an argument here that, you're not making the argument that this was an invalid hiring because Scott should have, as a matter of law, considered, regardless of sex, the external candidates in order to give the veterans preference. I am saying, Your Honor, that Mr. Scott had no reason, on his own, to decide to ignore the external list. Indeed, Your Honor, if... Wait a minute. It's fairly obvious why. He wanted to promote from within. That's why, I mean, that's what they're saying. But I would submit that does not trump the fact that Congress has given a veterans preference. Indeed. Suppose they just put out the notice to the internal employees that, you know, he got into the process earlier and said, I want to promote from within. Let's take all the people in the company and then thereafter, or within the department, and then thereafter, you know, look at the outside list if we don't find people. Would that be okay? That's not in this case, Your Honor. That's not the case. And I'm not sure whether that would be okay. Perhaps it would not be okay. Why is this any different, really? I mean, he's just deciding to promote from within as a starting point. It's not like he considered, you know, that they took the people from the outside list, ultimately, as far as he was concerned, and considered them. He never even looked at that list. He made a decision not to look at the external list. It was not the written policy of the TSA. And I would submit that if it were the written policy of the TSA, that might not be proper without congressional, without a congressional permission for that, because a regulation is thereby trumping what Congress has said. And, you know, Judge Lynch, I believe, asked whether or not if Congress passed the law abolishing the preference. Again, these are questions that are not before the case, and I'd have to think about them. Okay, but let's take the one that we've got. Is there a rule somewhere that you're relying on that says that, not just that when considering candidates for various jobs, there's a certain preference for veterans. Is there any policy that says you must open these appointments to all comers, and you can't appoint only from within? There is no such rule, Your Honor, that I'm aware of. Then what takes away the right of the supervisor here to consider only internal candidates? Because in this announcement, this announcement was open to external and internal candidates, and the announcement said external candidates are given a preference. Now, it didn't say Once you go the route, is what you're saying, once we're going to consider the external people at the initial stages, then the die is cast and you can't go back. Is that what you're saying? I would say that, and also, we don't want to forget the Why not? Why can't the supervisor just say as a matter of policy, because it's important to promote from within for morale purposes and whatever, that we're going to, that's what we're going to do? Again, it's not in this case, but if there was a course of always promoting from within and not seeking the best possible candidate, which did not happen in this case, and ignoring veterans' preference, if that was something that was being done by the TSA, that would be another case, and perhaps it would be challenged. Let's not forget that in this case, you know, we also have, I'm asking for summary judgment on the disparate impact part of the case, but on the disparate treatment case, I also feel that there should not have been a summary judgment granted, because his qualifications, and they're in the records. Wait, wait, wait. Let's take one thing at a time. You know, you're bringing something up new after your time has expired. I'm trying to figure out what the disparate impact evidence is. Suppose every person working at the TSA at Kennedy Airport, and we know this isn't true, because one of the people who got the job was female, but suppose everyone there was male, and he prefers the internal candidates. Where is there a disparate impact by doing that on men? Because you're not talking about the veterans' preference, except as indirect evidence of some kind of disparate impact on male applicants. That's correct. This is not a veterans' VEO case. Of course, the fact that they disregarded it is a factor of whether it was a legitimate reason on the disparate treatment part of the case. But in this particular case, Your Honor, it gives a hypothetical. This particular case, we have to look at this particular case, where external list was completely ignored. I mean, this is — And what is the evidence with respect to the gender composition of the internal workforce? It's not — that's irrelevant, Your Honor. A disparate — But the TSA had a disparate impact. Because you take — There would be no disparate impact if the — and we know this isn't the case, but if every employee was male, every internal candidate was male, where would you get disparate impact from favoring internal candidates? When you look at disparate impact cases, you don't look at the facts of the particular case. You don't look at a hypothetical such as Your Honors have given. You look at what was done in this particular case. In this particular case, the external list was ignored. Veterans' preference only applies to the external list. The judge in the court below said, well, that's not so obvious. Well, Phoenix said it is obvious. So that part of the footnote is erroneous. So then you're left with, you know — and agreed. I came up with this argument later, you know, as discovery panned out. But — You came up with the argument after discovery had been completed. Well, during — when I heard Mr. Scott testify at his deposition, I said, oh, that's interesting. We didn't know that. And, you know — and the court in that footnote, which throws out my case on this, says it's not an obvious fact, which it is. And then she talks about we didn't plead a case for VEOA. We don't have to plead a case. It's not an exclusive remedy, the VEOA. Turns out — now, interestingly, of course, if — Let me ask, because we're almost four minutes over time. Over my time. Do you want to reserve your rebuttal time, or do you want to use your time now, the rebuttal time now? I would reserve my rebuttal time. Thank you, Your Honor. Good morning. My name is Seth Eichenholz. I am an assistant United States attorney in the Eastern District of New York, and I represent defendant appellee Secretary Kelly. The district court correctly held the plaintiff could not establish a prima facie case of non-selection as a canine handler at JFK Airport. There's no evidence of discriminatory intent in his non-selection, and both the deciding official and one of the selected applicants were of the same gender as plaintiff. Rather, it's undisputed that Federal Security Director Michael Scott preferred to select qualified internal candidates for the positions for the reasons that have already been articulated by the court and has been briefed by the parties. Even though the position is advertised for publicly? It is. It's advertised for both, and it's clear from FSD Scott's testimony that had there been a situation where there were, you know, not as many qualified internal candidates as he would have liked, then he would have gone to the external list. But his thinking was, look, we went through the application process. We have great internal people, great external people. My preference is internal people. Give me the internal pile. And so he didn't look at the external pile. He just looked at the internal pile and selected from there. And the district court correctly held, in accordance with the Jimenez and Clifford's cases cited in defendant's brief, that his decision to consider only qualified internal candidates is not supportive of a claim of gender discrimination. Plaintiff also makes the argument that he was so greater qualified than the selected candidates that, as a result, there's some inference of discrimination, but that's simply not the case. There is no dispute that Plaintiff worked for many years as a canine handler in the Nassau County Sheriff's Department. Well, but wait. Suppose he were in the pile of people who were considered, and he was. Not so dramatically overqualified compared to the competitors. There are circumstances in which that would give rise to an inference of discrimination, right? Absolutely. So the real problem here is, I mean, we could quibble over whether he's so better qualified or is just a little bit better qualified than somebody who got the nod. But isn't the main point on your side that he wasn't even in the running? Absolutely. This isn't a case where they compared him to others, the decision maker was aware of him. He was not considered at all because he was an external candidate. No, we can't. We don't need to reach the question of, unless there's some dispute about whether Mr. Scott is telling the truth about what he did, and unless there's some evidence that he actually did consider the external candidates, then it doesn't matter how qualified Mr. McKeown is or isn't. That's absolutely correct, Judge Lynch, absolutely. And even if the court were to find the plaintiff could establish a prima facie case of discrimination, FST Scott's stated reasons behind hiring those internal candidates that he felt it was necessary for the, and it helped the agency fulfill its mission by promoting from within, providing career opportunities for TSA agents, is a legitimate non-discriminatory reason. Now, suppose you had a company where the workforce was all male, and the CEO decides in picking a significant post, CFO or something, I'm only going to look at the internal candidates, I'm not going to look at the external candidates, and there's a female candidate who is superbly qualified to be CFO who has applied for the job. A disparate impact problem? That could be in that hypothetical, and we simply don't have the evidence of that here. There's no basis to make that assumption here that, you know, for example, that there were more men in the external pool than in the internal pool. There were actually some discovery requests about this that were fulfilled vis-à-vis the pool. It's not in the record, and it wasn't raised on the motion, and it did not appear that there was that disparity. And it also bears noting that the agency policy, to talk about very briefly this veteran status issue, the agency policy is when they bring folks into the agency, that's when they apply the veteran's preference. So it therefore follows that if they were promoting from within, they're promoting from a pool of people from which there has already been a veteran's preference. So, you know, I think we could put that entire argument aside. Further, plaintiff's counsel said on several occasions this morning that this wasn't raised until opposition to summary judgment, and perhaps I guess he had thought about it at the deposition, because he wasn't aware of FSD Scott's decision to consider qualified internal candidates, and that's simply not the case. On April 30th, 2010, weeks after plaintiff's non-selection, and over four years prior to the filing of the amended complaint in this action, TSA sent plaintiff a letter saying, quote, in this case the federal security director at JFK made the decision to hire a candidate from the internal list of eligible candidates, and that's in the record at page 208 of the appendix. Further, a year later, as part of the proceedings before the Equal Employment Opportunity Commission in 2011, there were sworn statements from Eileen Caruso, who is a member of the panel who interviewed plaintiff and the HR director at the time, and FSD Scott himself, that made clear that FSD Scott only chose to consider the internal candidates. As FSD Scott stated in that very affidavit, quote, I elected to select from the candidates on the internal TSA list only. My decision was based upon having an excellent candidate pool from within the TSA to select from, and my personal desire to promote career progression within the TSA, and that's also in the appendix at page 202. So by the time June 2014 comes around and plaintiff files his amended complaint in this action, we contend plaintiff was well aware that FSD Scott had chosen only to select internal applicants over external applicants. And indeed, in that very amended complaint, it's alleged twice, in paragraph 30 on page 12 of the appendix and in paragraph 45 on page 13 of the appendix. Therefore, there's no justification for a failure to raise this claim earlier and before certainly the opposition to the government's summary judgment motion. How long after the amended complaint was filed was the trial? The summary judgment, Your Honor? Summary judgment. I believe it was approximately a year. Yeah. Yeah. And as I said, there was some during discovery, there was some discussion of the gender makeup of the two pools, and over the government's objection, you know, during our good faith compromise, that information was turned over to the extent that it happened. And just very briefly, I note that plaintiff had argued and mentioned it, and I think Judge Lynch changed the topic back, but he mentioned something about granting summary judgment for plaintiff on the disparate impact claim. I just wanted to point out that plaintiff has never moved for summary judgment in this case. Plaintiff never raised the concept of plaintiff being granted summary judgment until his reply brief in this appeal after the government had had any opportunity to say anything about it. Obviously, the government believes there's simply no support in the record whatsoever for a disparate impact claim, and for that reason, even if plaintiff was entitled procedurally to move for summary judgment, we still believe that the district court's decision granting the government summary judgment should be affirmed. But certainly, the court should not sua sponte or ask that the district court sua sponte grant plaintiff summary judgment in line with its previous decisions that summary judgment sua sponte is firmly discouraged unless the parties have had the opportunity to fully develop the facts and fully brief the issue. For example, in 650 Fifth Avenue, 830 F3rd, 66 at 69, it says summary judgment should not be granted in those circumstances. But again, I think we're very far afield. I think that there isn't any evidence supporting plaintiff's claim in this case, and the decision of the district court to grant summary judgment to the government should be affirmed. Unless the court has any further questions, we rest on our brief. Thank you. First, Your Honors, I did not indicate that we did not know that he ignored the external list. We knew that he ignored the external list. We didn't know that veterans' preference only applies to the external list, number one. And we also didn't know that in choosing to ignore the external list, he was just acting on an ad hoc basis without any official government policy to indicate that one should have morale-boosting Trump veterans' preference, number one. Number two, we don't have to show intent in a disparate impact claim. Moreover, the fact that one of the two people who was hired was a male doesn't affect our claim. On the issue of — I'm still just trying to get my head around this issue. So if the external list was composed of qualified people that came from the interviewers, had five women and one man, your client, and the internal list had five men and one woman, then you're still saying that the decision to consider the internal list in preference to the external list has a disparate impact on men. Yes, I am. Because it's not based on the individual case, as Griggs makes clear. In some instances, sure, there won't be a disparate impact. But overall, there will be a disparate impact, at least as pointed out in Feeney, while there have been all this discrimination against women in becoming members of the military. By the way, this, of course, is a Title VII case. Assuming, and I also have in my complaint, I sued under the Constitution and the 14th Amendment, even on an equal protection argument where the gender would be a question of mid-level scrutiny. But there, there would be a requirement of intentional discrimination under the Constitution. Isn't that Washington against Davis? Yes, yes. But there might be, that might be something for a trier of fact to determine, possibly. And as to the question of my, I moved pursuant to the section that allows the court to search the record in asking for summary judgment, the fact that it didn't come into my mind until I read the opposition brief and I said, wow, perhaps I should get summary judgment. If the court has no other questions, I will rest. Thank you both for your arguments.